## Purcell et ux. v. Ashland Shamokin Auto Bus Company

*Louis Cohen*, for plaintiffs.
*Samuel Gubin*, for defendant.

TROUTMAN, J., December 4, 1952.—Defendant has presented its petition for leave to take oral depositions of Laura Purcell, one of the plaintiffs, under the provisions of Pennsylvania Rules of Civil Procedure 4005-4011.

Rule 4007(*b*) permits the court on petition of any party to allow the taking of depositions orally or by written interrogatories. Rule 4011(*a*) provides that no discovery or inspection shall be permitted which is

sought in bad faith. Rule 4011(c) (4) precludes discovery "not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner".

Defendant seeks to question wife plaintiff concerning the circumstances under which she is alleged to have sustained the injuries in the accident for which the suit is brought and to discover from her the manner in which she crossed the street and what she observed, just prior to, and up to the time she was struck by defendant's bus as alleged. The petition further alleges that plaintiffs' complaint avers no specific act of negligence and that defendant has discovered to date no facts indicating negligence on the part of its employe, and if such facts exist they are discoverable only from plaintiff.

Essentially the question involved is whether a defendant may examine one of plaintiffs as to her conduct in a vehicular negligence action when defendant's agent participated in the action and apparently is capable of presenting to the jury his version of the manner in which the accident occurred.

Rule 4011(c) (4) requires the discovery to be necessary to prepare the pleadings or prove a prima facie claim or defense of petitioner. This is an affirmative requirement. The information sought must be intended to prove petitioner's case, be it a claim or defense; if the petition is calculated solely to inquire into the manner in which an opponent will or may prove his case, the request must be denied. Our discovery rules do not provide for a revelation of facts as a value in and of itself but rather are confined to a revelation of such facts as may be necessary to prove a party's contention. But to the extent that the rules do provide for exchange of factual information, the rules should be liberally construed. If in the process of discovering facts necessary to prove a claim or a defense there are necessarily entwined facts which can also be regarded as constitut-

ing a probable part of the opponent's case, those facts are nevertheless to be made available. The expression of the "prima facie claim or defense" limitation in the rules does not constitute an exclusion of facts which may also be necessary to or part of the opponent's case.

In the instant case plaintiffs have brought suit against defendant alleging that wife plaintiff sustained personal injuries by reason of the negligence of defendant's employe. It is true, by probability, that wife plaintiff's version of this accident will constitute a part of plaintiffs' prima facie claim. However, defendant must rely, for defense, upon either or both of two theories: (a) That defendant or its agent was not negligent, or (b) that plaintiff was contributorily negligent. While defendant may not, by discovery, seek to determine whether plaintiff will present a case free of contributory negligence, yet he may inquire into her conduct to determine whether or not it would be appropriate to call wife plaintiff as on cross-examination to prove contributory negligence. This court cannot make any assumption as to the manner in which a party proposes to or should prove a claim or defense.

Plaintiffs contend that defendant's petition for discovery should be disallowed for the reason that it violates rule 4011 (a) in that it is sought in bad faith. Plaintiffs' contention is based upon the fact that this discovery was not sought by defendant until after the case appeared on the trial list and had been scheduled for trial at the term of common pleas court beginning the following Monday. When notice was given of the presentation of the petition for oral depositions, the court continued the trial of the case.

The rules do not restrict the discovery to any particular period and impliedly recognize the right to proceed to obtain discovery down to the time of the trial by the qualification that the object of discovery must be to secure information "necessary to prepare

the pleadings or prove a prima facie claim or defense of the petitioner". The inclusion of "or prove a prima facie claim or defense" shows that preparation for trial, independently of the pleadings, is a sufficient justification for obtaining discovery. As the period of preparation for trial extends down to the trial itself, the right of discovery may be exercised down to that time. The right of discovery conferred in rule 4007 is subject to the limitations that it must not be sought in bad faith or cause unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party, and thus, the right may be restricted in particular instances. See Anderson, Pennsylvania Civil Practice, vol. 5, page 212.

We are of the opinion that the right to obtain discovery under rule 4007(*b*) should be subject to a limitation similar to that which is expressly imposed upon the right to move for judgment on the pleadings, found in rule 1034, namely, that the party must act "within such time as not to delay the trial".

Inasmuch as this was the first instance in which a party sought to exercise its right under the rules pertaining to discovery and since the rules were silent as to the time of filing such a petition, this court was of the opinion that in the interest of equity and justice the trial of the case should be continued and defendant's petition for discovery considered. We are of the opinion that this did not cause any unreasonable annoyance or embarrassment to plaintiffs inasmuch as the case appeared on the trial list for the first time. Consequently, we cannot charge defendant with bad faith in presenting its petition.

We conclude that the prayer of the petition of defendant should be granted and defendant be permitted to take oral depositions of wife plaintiff concerning the matters set forth in the petition.

*Order*

And now, to wit, December 4, 1952, defendant's petition for leave to take oral depositions of plaintiff, Laura Purcell, is hereby allowed and it is ordered that plaintiff, Laura Purcell, present herself for the taking of oral depositions before John P. Buraczewski, a notary public, at the offices of Carleton M. Strouss, attorney-at-law, on the second floor of the Victoria Theatre Building on West Third Street, Mount Carmel, Pa., on December 16, 1952 at 10 a.m., concerning the subjects defined in the petition for leave to take oral depositions.